

Inasmuch as no objection is
pending at this time, the
stay is lifted.

APR 1 0 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**FILED**

**APRIL 30, 2008**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 5 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

08 APR 14 PM 12: 35

## IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION

MDL No. 1715

(SEE ATTACHED SCHEDULE)

I Certify that this is a true
and correct copy of the
original filed in my office
on  4/14/08  .
JAMES BONINI, CLERK

By: M. Rogers

Date: 4/30/08

## CONDITIONAL TRANSFER ORDER (CTO-40)

On December 13, 2005, the Panel transferred five civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 408 F.Supp.2d 1354 (J.P.M.L. 2005). Since that time, 307 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable Marvin E. Aspen.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Aspen.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 13, 2005, and, with the consent of that court, assigned to the Honorable Marvin E. Aspen.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION**   MDL No. 1715

## SCHEDULE CTO-40 - TAG-ALONG ACTIONS

### DIST. DIV. C.A. #   CASE CAPTION

ALABAMA NORTHERN
   ALN 5 08-303   Cynthia Casteel, et al. v. Ameriquest Mortgage Co.

ALABAMA SOUTHERN
   ALS 1 08-96   Allen F. Cowart, Jr., et al. v. Ameriquest Mortgage Co.

OHIO SOUTHERN
   OHS 1 08-105   Elizabeth R. Gordon v. Deutsche Bank National Trust Co., et al.

**IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION**

MDL No. 1715

## INVOLVED COUNSEL LIST (CTO-40)

Stephen James Bumgarner
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

Harry William Cappel
GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202

Charles Lance Gould
BEASLEY ALLEN CROW METHVIN PORTIS &
MILES
272 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Bernard E. LeSage
BUCHALTER NEMER PC
1000 Wilshire Blvd.
Suite 1500
Los Angeles, CA 90017

Peggy Pei-Chi Lee
Southeastern Ohio Legal Services
1005 East State Street
Suite 10
Athens, OH 45701

Marvin Allen Miller
MILLER LAW LLC
115 South LaSalle Street
Suite 2910
Chicago, IL 60603

Kenneth J. Riemer
166 Government Street
Suite 100
Mobile, AL 36602

Dominic J. Rizzi
FAUCHER & CAFFERTY
30 N. LaSalle Street
Suite 3200
Chicago, IL 60602

Earl P. Underwood, Jr.
LAW OFFICES OF EARL P UNDERWOOD JR
21 South Section Street
P.O. Box 969
Fairhope, AL 36533-0969

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 West Wacker Drive, 45th Floor
Chicago, IL 60601

# UNITED STATES JUDICIAL PANEL

## on

# MULTIDISTRICT LITIGATION

FILED
JAMES BONINI
CLERK



**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

08 APR 1 DIRECT REPLY TO:

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

April 10, 2008

Michael W. Dobbins, Clerk
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

Re: MDL No. 1715 -- IN RE: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

(See Attached CTO-40)

Dear Mr. Dobbins:

I am enclosing a certified copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on March 25, 2008. As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Deputy Clerk

Attachment

cc:   Transferee Judge:      Judge Marvin E. Aspen
       Transferor Judges:     Judge Harwell G. Davis, III; Judge William E. Cassady; Judge S. Arthur Spiegel
       Transferor Clerks:     Perry D. Mathis; Charles R. Diard, Jr., James Bonini

JPML Form 36

I Certify that this is a true and correct copy of the original filed in my office on 4/30/08 .
JAMES BONINI, CLERK
By: M. Rogers
Date: 4/30/08

CLOSED, DISC-ONLY, STAYED

# U.S. District Court
## Southern District of Ohio (Cincinnati)
### CIVIL DOCKET FOR CASE #: 1:08-cv-00105-SAS-TSH
#### Internal Use Only

Gordon v. Deutsche Bank National Trust Company as Trustee et al
Assigned to: Judge S Arthur Spiegel
Referred to: Magistrate Judge Timothy S Hogan
Demand: $25,000
Cause: 15:1601 Truth in Lending

Date Filed: 02/14/2008
Date Terminated: 04/30/2008
Jury Demand: None
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

### Plaintiff

**Elizabeth R Gordon**

represented by **Peggy Pei-Chi Lee**
Southeastern Ohio Legal Services
1005 E State Street
Suite 10
Athens, OH 45701
614-594-3558
Fax: 740-594-3791
Email: plee@oslsa.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Deutsche Bank National Trust Company as Trustee**
*agent of*
Ameriquest Mortgage Company

represented by **Harry William Cappel**
Graydon Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202
513-621-6464
Email: hcappel@graydon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathan Hugh Blaske**
Graydon Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202
513-629-2777
Fax: 513-651-3836

Email: nblaske@graydon.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ameriquest Mortgage Compan**y                represented by  **Harry William Cappel**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Nathan Hugh Blaske**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 02/14/2008 | 1 | COMPLAINT against Deutsche Bank National Trust Company as Trustee, Ameriquest Mortgage Company ( Filing fee $ 350 paid - receipt number: 06480000000001566222), filed by Elizabeth R Gordon. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet with Attachment, # 2 Summons Form Summons 1, # 3 Summons Form Summons 2, # 4 Summons Form Waiver of Service of Summons form) (Lee, Peggy) (Entered: 02/14/2008) |
| 02/15/2008 |   | Notice of Correction re: Unsigned 1 Complaint. Counsel has been notified to refile a completled signature page of the Complaint. (srj) (Entered: 02/15/2008) |
| 02/15/2008 | 2 | NOTICE by Plaintiff Elizabeth R Gordon re 1 Complaint, (Attachments: # 1 Supplement Signature Pages to Complaint) (Lee, Peggy) (Entered: 02/15/2008) |
| 02/15/2008 |   | Pursuant to Order of General Reference filed on March 25, 1991, Magistrate Judge Timothy S Hogan added for purposes of discovery. (mr1, ) (Entered: 02/15/2008) |
| 02/26/2008 | 3 | NOTICE of Appearance by Nathan Hugh Blaske Defendants Deutsche Bank National Trust Company as Trustee, Ameriquest Mortgage Company (Blaske, Nathan) (Entered: 02/26/2008) |
| 02/26/2008 | 4 | Corporate Disclosure Statement by Defendant Ameriquest Mortgage Company. (Blaske, Nathan) (Entered: 02/26/2008) |
| 02/26/2008 | 5 | Joint MOTION to Stay *Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation* by Defendants Deutsche Bank National Trust Company as Trustee, Ameriquest Mortgage Company. (Blaske, Nathan) (Entered: 02/26/2008) |
| 02/26/2008 | 6 | Corporate Disclosure Statement by Defendant Deutsche Bank National Trust Company as Trustee. (Attachments: # 1 Exhibit A) (Blaske, Nathan) (Entered: 02/26/2008) |
| 02/28/2008 | 7 | ORDER granting 5 Motion to Stay Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation in MDL-1715 In Re Ameriquest |

| | | Mortgage Company Mortgage Lending Practices Litigation, Case No. 1:05-cv-707, pending in the USDC for the Northern District of Illinois. Signed by Judge S Arthur Spiegel on 2/27/2008. (km1, ) (Entered: 02/28/2008) |
|---|---|---|
| 04/14/2008 | 8 | NOTICE. MDL Case 1715 Conditional Transfer Order (CTO-40) - cases are transferred to Northern District of Illinois and assigned to Judge Marvin E. Aspen. (mr1, ) (Entered: 04/14/2008) |
| 04/30/2008 | | Case transferred to District of Northern District of Illinois, Case No. 08-C-2355. Records sent via email. (mr1, ) (Entered: 04/30/2008) |
| 04/30/2008 | 9 | Letter from Ohio USDC (Cincinnati) to Northern District of Illinois regarding transfer. (mr1, ) (Entered: 04/30/2008) |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

**ELIZABETH R. GORDON,**
**116 Aaron Road**
**Portsmouth OH 45662**

          **Plaintiff**                            **Case No.**    **08 -105**

**vs.**

**DEUTSCHE BANK NATIONAL**
**TRUST COMPANY, as Trustee of**
**Ameriquest Mortgage Securities, Inc.,**
**Asset Backed Pass Through Certificates,**
**Series 2004-R11, Under the Pooling and Servicing**
**Agreement Dated as of December 1, 2004,**
**Without Recourse c/o Ameriquest**
**Mortgage Company (LBB)**
**c/o Ameriquest Mortgage Company (LBB)**
**505 City Parkway West**
**Orange, CA 92868**

          **Defendant**                         **Judge**_____

**and**

**AMERIQUEST MORTGAGE COMPANY**
**c/o National Registered Agents, Inc.**
**145 Baker Street**
**Marion OH 43302**                               **COMPLAINT**

          **Defendant.**

## JURISDICTION

1.     This Court has jurisdiction under 28 USC § 1331 in that the complaint deals with federal

       questions arising from federal statutes.

**VENUE**

2.     Venue is proper in this District pursuant to 28 U.S.C. Sec. 1391 (b).

**PARTIES**

3.     Plaintiff Elizabeth Gordon is a single disabled mother living on a fixed income of Social

Security disability benefits for her and her child of a little over $1100.  Prior to July, 2004

Ms. Gordon had lived in her home for nearly 20 years.

4.     The Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee of

Ameriquest Mortgage Securities, Inc., claims to be the holder of the promissory note

attached to its Complaint.  Accordingly, Deutsche Bank is subject to all the claims and

defenses the Plaintiff has against Defendant Ameriquest Mortgage Company

("Ameriquest Mortgage").

5.     Ameriquest Mortgage is a corporation organized under the laws of the state of Delaware

with its principal place of business located in Orange, California.  At all relevant times, it

was actively engaged in the business of soliciting, writing and administering loans to

Ohio residents.

6.     Ameriquest Mortgage is primarily a sub-prime lender that originates loans that are sold to

secondary market investors.  On or about August 12, 2004, Ameriquest Mortgage made a

loan to Ms. Gordon that is the subject matter of this litigation and then allegedly assigned

the promissory note evidencing the loan to the Defendant Deutsche Bank.

7.     Ameriquest Mortgage regularly engaged in illegal, unethical and predatory lending

practices.  It frequently exploits unsophisticated, financially impaired consumers.  It is

currently a defendant in a nationwide federal class action situated in the Northern District

of Illinois, Eastern Division (In Re Ameriquest Mortgage Co. Mortgage Lending

Practices Litigation), MDL #1715, head Case No. 05-CV-7097. Upon information and belief the federal judge in that litigation has ordered a moratorium on all foreclosure filings by Ameriquest.

8. Defendant Deutsche Bank is liable for the unlawful acts of Ameriquest Mortgage, Inc., under the doctrines of agency, civil conspiracy and/or joint venture.

9. In July of 2004, the Plaintiff was contacted by Ameriquest Mortgage Company and advised to refinance her home loan and consolidate various consumer debts by obtaining a loan from Ameriquest Mortgage Company.

10. Ms. Gordon dealt primarily with an account executive with the first name of Mark. That man's last name is currently unknown.

11. Ameriquest Mortgage Company and, thereby, Deutsche Bank, are vicariously liable for the acts and omissions of Ameriquest Mortgage Company's account executive and all other employees and agents involved in the origination and execution of the loan transaction.

12. In or around July 2004, Elizabeth R. Gordon spoke to an employee of Ameriquest Mortgage Company about her financial situation. She was advised that her home loan with the United States Department of Agriculture, Rural Housing Division was bad for her economically and she should refinance. She was not advised by anyone that the financing would increase her interest rate, increase her monthly mortgage payment amount and cost her over $6400 in refinancing fees.

## FIRST CLAIM
## (TRUTH-IN-LENDING ACT)

13. Under the circumstances of this case, Elizabeth R. Gordon is informed and believes that

the transaction evidenced herein by the Mortgage and note (hereinafter "Transaction") has not been fully and finally consummated; and further, she exercises her right to cancel the Transaction.

14. The Transaction herein was intended to be a closed-end consumer credit transaction.

15. The Transaction herein is governed by the Truth-in-Lending Act as codified at 15 U.S.C. §1601, et seq.

16. Deutsche Bank and Ameriquest Mortgage Company are both "creditors" within the meaning of the Truth-In-Lending Act and applicable regulations (hereinafter, the TILA.)

17. The Plaintiff is informed and believes that Deutsche Bank and/or Ameriquest Mortgage Company failed to make required disclosures and/or it failed to make them in the timely, clear, and conspicuous manner required by the aforementioned statues and applicable regulations.

18. As a result of the failure to properly disclose, Elizabeth R. Gordon is entitled to cancel the Transaction, plus any actual damages she has suffered, as well as any other damages authorized by the TILA, including but not limited to any excess payments she has made or excess charges she has incurred.

**SECOND CLAIM**
**(FRAUD)**

19. Upon information and belief, Ameriquest Mortgage Company secured a Mortgage and promise to pay $76,500 from Elizabeth Gordon on or about August 12, 2004, requiring 30 years of payments at no less than 7.550% interest and as much as 13.550% , along with a prepayment penalty.

20. On August 12, 2004, Elizabeth Gordon was a single disabled mother, living off of a fixed

income of Social Security Disability benefits for her and her child of a little over $1,100
per month.

21.     Elizabeth Gordon had lived in her home prior to that mortgage for about 20 years. On
August 12, 2004, Ms. Gordon's real estate, used as collateral for said loan, was worth
about $70,230.

22.     Ms. Gordon relied upon the alleged expertise and good faith of Defendant Ameriquest
Mortgage Company to her detriment.

23.     Ms. Gordon has been damaged as a result of the fraudulent activities of Deutsche Bank,
Ameriquest Mortgage Company and/or the agents thereof.

## THIRD CLAIM
## (NEGLIGENT LENDING; UNCONSCIONABILITY)

24.     Ameriquest Mortgage Company has policies, practices and procedures which are used to
verify whether there is sufficient monthly income for borrowers to make payments on any
loan that is extended.

25.     Ameriquest Mortgage Company knew or should have known from the face of the credit
loan application that certain information in the credit loan application was materially
inconsistent; and, therefore, inaccurate.

26.     Ameriquest Mortgage Company was under a duty to verify that the information contained
in the credit application.

27.     Plaintiff is informed and believes that an employee of Ameriquest Mortgage Company
deliberately and knowingly put false information with regards to the Plaintiff's income
and the value of her real estate; and, therefore, alleges that Ameriquest Mortgage

Company would not have extended the Mortgage and Note to her if it had known the information that such an inquiry would have disclosed, or it would not have extended them the amount and/or terms of credit which it extended.

28.     By failing to verify the information when under a duty to do so, Ameriquest Mortgage Company's conduct herein amounts to gross negligence and unconscionable conduct, as well as fraudulent and negligent representation.

29.     By reason of its failure, Ameriquest Mortgage Company extended credit to Ms. Gordon under the circumstances where it knew or had reason to know that Ms. Gordon would be unable to make the payments required by the loan.

30.     Under the foregoing circumstances and otherwise, the Transaction herein is unconscionable and thus, it is unenforceable against Ms. Gordon by Deutsche Bank and/or Ameriquest Mortgage Company

31.     By reason of said failure, Ms. Gordon became obligated on a loan in an amount which exceeded her ability to pay; she incurred additional closing costs and other costs with respect to said loan; Ms. Gordon is facing the loss of her home; and Ms. Gordon suffered and continues to suffer mental and emotional distress as a result.

## FOURTH CLAIM
## (NEGLIGENT MISREPRESENTATION)

32.     By its conduct and practices, Ameriquest Mortgage Company led Ms. Gordon to reasonably believe that it based its lending decisions on a properly conducted procedure that included, among other things, procedures for the verification of income and assets.

33.  Ms. Gordon reasonably relied on said conduct and practices in their dealings with Ameriquest Mortgage Company.

34.  The aforementioned conduct and communication from Ameriquest Mortgage Company to Ms. Gordon is false and misleading.

35.  Ameriquest Mortgage Company failed to communicate to Ms. Gordon that the loan was not based on loan procedures which included, among other things, the verification of income and asset value listed on the loan application form.

36.  By reason of its failure, Ms. Gordon incurred a loan in an amount that exceeds her ability to pay; she has incurred additional closing costs and other costs with respect to said loan; Ms. Gordon faces the loss of her home; and Ms. Gordon suffered and continues to suffer mental and emotional distress as a result.

## FIFTH CLAIM
## (MUTUAL MISTAKE)

37.  Ms. Gordon sought the extension of credit in an amount and under the terms that Ameriquest Mortgage Company deemed appropriate based on its policies, practices, and procedures properly conducted.

38.  Ms. Gordon is informed and believes, and therefore, alleges, that Ameriquest Mortgage Company sought to extend credit to her in an amount and under terms that it would approve based on consideration of Ms. Gordon's ability to repay said loan given her true financial circumstances.

39.  Based on mutual mistake, inadvertence, gross negligence and otherwise, the Transaction intended by Ms. Gordon and Ameriquest Mortgage Company was never consummated.

40.     Ms. Gordon is otherwise without an adequate remedy at law barring a determination that

the Transaction herein is unenforceable.

41.     Under the circumstances, Ms. Gordon requests that the Transaction be rescinded and/or

cancelled.


WHEREFORE, Elizabeth Gordon prays for the following relief:

A.  Judgment declaring that the Mortgage and Note are unconscionable, unenforceable,

null and void.  In the alternative, judgment declaring the contracts cancelled or

rescinded;

B.  Judgment against Defendants Deutsche Bank NA and/or Ameriquest Mortgage

Company for an amount in excess of $25,000;

C.  Judgment for any and all other relief not specifically named herein that is just and

equitable.

/s/
_____

Mark J. Cardosi #0039957
Southeastern Ohio Legal Services
Attorneys for Plaintiff Elizabeth R. Gordon
800 Gallia Street, Suite 700
Portsmouth, Ohio 45662
Tel: 740-354-7563
Fax: 740-354-2508
mcardosi@oslsa.org

/s/
_____
Dennis Harrington #0034497
Southeastern Ohio Legal Services
Attorney for Plaintiff Elizabeth R. Gordon
427 Second Street
Marietta, OH 45750
Tel: 740-374-2629
Fax: 740-374-2656
dharrington@oslsa.org

_/s/_ _____

Peggy P. Lee #0067912
Southeastern Ohio Legal Services
Attorney for Plaintiff Elizabeth R. Gordon
1005 East State Street, Suite 10
Athens, Ohio 45701
Tel: 740-594-3558
Fax: 740-594-3791
plee@oslsa.org

®JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Elizabeth R. Gordon, 116 Aaron Road, Portsmouth, OH 45662 | Deutsche Bank National Trust Company as trustee, et al. |

| **(b)** County of Residence of First Listed Plaintiff   SCIOTO<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   ORANGE<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>(See attachment) | Attorneys (If Known) |

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

❑ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        (U.S. Government Not a Party)

❑ 2   U.S. Government
        Defendant

❑ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place<br>of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place<br>of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a<br>Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal 28 USC 157 | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Med. Malpractice | ❑ 625 Drug Related Seizure | | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | Liability | ❑ 365 Personal Injury - | of Property 21 USC 881 | | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 460 Deportation |
| & Enforcement of Judgment | Slander | ❑ 368 Asbestos Personal | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 470 Racketeer Influenced and |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Injury Product | ❑ 650 Airline Regs. | ❑ 830 Patent | Corrupt Organizations |
| ❑ 152 Recovery of Defaulted | Liability | Liability | ❑ 660 Occupational | ❑ 840 Trademark | ❑ 480 Consumer Credit |
| Student Loans | ❑ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☒ 490 Cable/Sat TV |
| (Excl. Veterans) | ❑ 345 Marine Product | ❑ 370 Other Fraud | ❑ 690 Other | | ❑ 810 Selective Service |
| ❑ 153 Recovery of Overpayment | Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 380 Other Personal | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | Property Damage | Act | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge |
| ❑ 190 Other Contract | Product Liability | ❑ 385 Property Damage | ❑ 720 Labor/Mgmt. Relations | ❑ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Product Liability | ❑ 730 Labor/Mgmt.Reporting | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury | | & Disclosure Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate | ❑ 790 Other Labor Litigation | ❑ 870 Taxes (U.S. Plaintiff | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 442 Employment | Sentence | ❑ 791 Empl. Ret. Inc. | or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ | **Habeas Corpus:** | Security Act | ❑ 871 IRS—Third Party | ❑ 895 Freedom of Information |
| ❑ 240 Torts to Land | Accommodations | ❑ 530 General | | 26 USC 7609 | Act |
| ❑ 245 Tort Product Liability | ❑ 444 Welfare | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 900 Appeal of Fee Determination |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❑ 550 Civil Rights | ❑ 463 Habeas Corpus - | | to Justice |
| | ❑ 446 Amer. w/Disabilities - | ❑ 555 Prison Condition | Alien Detainee | | ❑ 950 Constitutionality of |
| | Other | | ❑ 465 Other Immigration | | State Statutes |
| | ❑ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original
       Proceeding

❑ 2  Removed from
       State Court

❑ 3  Remanded from
       Appellate Court

❑ 4  Reinstated or
       Reopened

❑ 5  Transferred from
       another district
       (specify)

❑ 6  Multidistrict
       Litigation

❑ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601 Truth in Lending Act

Brief description of cause:
Failure to comply with Truth in Lending Act and other applicable consumer laws

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

**DEMAND $**
25,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❑ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):         JUDGE                               DOCKET NUMBER

DATE
02/14/2008

SIGNATURE OF ATTORNEY OF RECORD
*Peggy P. Lee*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

## ATTACHMENT TO CIVIL COVER SHEET

Attorneys of Record for Plaintiff Elizabeth R. Gordon:

Mark J. Cardosi
Southeastern Ohio Legal Services
800 Gallia Street, Suite 700
Portsmouth, OH 45662
(740) 354-7563

Dennis Harrington
Southeastern Ohio Legal Services
427 Second Street
Marietta, OH 45750
(740) 374-2629

Peggy P. Lee
Southeastern Ohio Legal Services
1005 East State Street, Suite 10
Athens, OH 45701
(740) 594-3558

⏷AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN

District of          OHIO

ELIZABETH R. GORDON

## SUMMONS IN A CIVIL ACTION

V.

DEUTSCHE BANK NATIONAL TRUST
COMPANY as trustee, et al.

CASE NUMBER:   08 - 105

TO: (Name and address of Defendant)

Deutsche Bank National Trust Company
c/o Ameriquest Mortgage Company (LBB)
505 City Parkway West
Orange, CA  92868

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Mark J. Cardosi, Esq.
Southeastern Ohio Legal Services
800 Gallia Street, Suite 700
Portsmouth, OH  45662

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

2/14/2008

CLERK                                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                        Date                              *Signature of Server*


                                    _____
                                                 *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of _____ OHIO

ELIZABETH R. GORDON

**SUMMONS IN A CIVIL ACTION**

V.

DEUTSCHE BANK NATIONAL TRUST
COMPANY as trustee, et al.

CASE NUMBER:   08 - 105

TO: (Name and address of Defendant)

Ameriquest Mortgage Company
c/o National Registered Agents, Inc.
145 Baker Street
Marion, OH  43302

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Mark J. Cardosi, Esq.
Southeastern Ohio Legal Services
800 Gallia Street, Suite 700
Portsmouth, OH  45662

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

| | |
|---|---|
| | 2/14/2008 |
| CLERK | DATE |
| (By) DEPUTY CLERK | |

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:


☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:


☐ Other (specify):


| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on _____    _____
                          Date                              *Signature of Server*


                                         _____
                                         *Address of Server*


(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

*AO 399  (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>Mark J. Cardosi, Esq.</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _____ ,
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _____ .

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>2/14/2008</u> ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____    _____
(DATE)                             (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)               (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.